**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

VIDEO PROFESSOR, INC., a Colorado corporation,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

**COMPLAINT**

Plaintiff Video Professor, Inc. ("VPI") for its complaint against Amazon.com, Inc., states:

**I. NATURE OF PROCEEDINGS**

This is an action at law and in equity to remedy acts of, *inter alia*, false advertising and misrepresentation in commerce under the Lanham Act, deceptive trade practices under the Colorado Consumer Protection Act, and tortious interference with business opportunities, all caused by Defendant's unauthorized Internet disparagement of VPI and its products knowingly, willfully, and intentionally undertaken by Defendant for the purpose of usurping the value and goodwill embodied by VPI's mark and disrupting VPI's business.

VPI seeks damages including punitive and statutory damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits, the entry of a preliminary and permanent injunction, and its costs and attorney's fees.

## II. PARTIES

1. VPI is a Colorado corporation with its principal place of business in Lakewood, Colorado.

2. Upon information and belief, Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 1200 12th Ave. South, Ste. 1200, Seattle, Washington 98144.

## III. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Upon information and belief, this Court has personal jurisdiction over Amazon because Amazon has engaged in acts or omissions within this judicial district causing injury, has engaged in acts or omissions outside of this judicial district causing injury within the district; or has otherwise made, has established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction, or has had continuous and systematic contacts with this forum as a result of business regularly conducted within the this judicial district via sales over the World Wide Web and Internet.

5. Upon information and belief, Amazon.com maintains at least 10,000 sales to residents of the state of Colorado each year.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because the acts of infringement and other wrongful conduct, and a substantial part of the events or omissions giving rise to the claims, occurred in the District of Colorado.

### IV. VPI'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

7. VPI has been in the business of developing, marketing, and distributing for sale to retailers and the general public computer learning products including video tapes and CD-ROMs for over 20 years.

8. VPI has continuously used the name VIDEO PROFESSOR in connection with the marketing and promotion of its business and products since at least as early as April 1987.

9. Since 1987, VPI has invested millions of dollars in advertising, marketing and promoting the VIDEO PROFESSOR brand and designated products, including the running of television advertisements and infomercials throughout the United States, and advertisement and marketing through the Internet via its website located at "videoprofessor.com" and other forms of Internet advertising.

10. Millions of VPI's VIDEO PROFESSOR-branded products have been distributed and are used worldwide. VPI is the worldwide leader in the computer learning products industry.

11. The VIDEO PROFESSOR mark, as used in connection with VPI's business and the sale of its products, is world-famous, inherently distinctive, and as a result of VPI's extensive use, advertising and promotional efforts as described above, the VIDEO PROFESSOR mark is

well-known and is recognized by customers around the world as signifying and representing VPI's business and high quality products.

12. On August 29, 1989, VPI was duly issued United States Trademark Registration Number 1566793 for the trademark words "VIDEO PROFESSOR" used in connection with a design, and on January 2, 1990, United States Trademark Registration Number 1574578 for the trademark words "VIDEO PROFESSOR."

13. As a result of the advertising and expenditures previously described, VPI has established considerable goodwill in the VIDEO PROFESSOR trademark, which is an invaluable asset of substantial and inestimable worth to VPI.

14. Video Professor has a long-established presence as an Internet retailer. Currently, VPI uses, among others, the domain name "videoprofessor.com" as a link to its website. Through its website, VPI provides important information to its customers and potential customers regarding VPI's products, as well as an interactive means by which its customers and potential customers may order its products online. VPI's website advertising and sales are a significant and rapidly expanding portion of its business.

## V. DEFENDANT'S INFRINGING ACTIVITY

15. Amazon is a leading Internet retailer whose original focus on online book sales has expanded into online retail sales of music CDs, videotapes and DVDs, software, consumer electronics, kitchen items, tools, lawn and garden items, toys and games, baby products, apparel, sporting goods, gourmet food, jewelry, watches, health and personal-care items, beauty products, musical instruments, clothing, industrial and scientific supplies, groceries, and more.

16. VPI recently conducted a Google search of its Trademarks by "googling" the words "Video Professor." The search results page of this search (*see* **Exhibit A**) included as a "Sponsored Link" the following advertisement with a hyperlink or link to the website having the domain name "Amazon.com:"

> [Save at Amazon](#)
> Low prices on popular products.
> Qualified orders over $25 ship free
> Amazon.com

17. Amazon is the registrant and owner of the domain name Amazon.com.

18. A Sponsored Link is the name given by Google to a paid advertisement placed by a third party through Google's "AdWords" program.

19. Using AdWords, an advertiser, such as Amazon, can bid on terms (keywords) an Internet user might enter as a search term on Google.

20. Google then links the advertisement to the keyword(s) purchased by the advertiser.

21. When the Internet user enters the keyword(s), it triggers the ad and the link to appear on the search results page.

22. A competitor of VPI might legitimately purchase the keywords "computer learning," so that when a user searching the Internet for computer learning information googles the words "computer learning," the competitor's ad and link would appear.

23. In this case, upon information and belief, Amazon has paid Google for the *trademarked* keywords "Video Professor," so that Amazon's ad is triggered when a person googles the words "Video Professor."

5

24. By doing so, Amazon intends that traffic initially seeking VPI's website will be diverted to the Amazon.com website.

25. When the user clicks on the Amazon.com link, he is taken to a webpage on Amazon's website (*see* **Exhibit B**) on which Amazon advertises a number of computer learning products that directly compete with VPI's products.

26. At the top of the webpage are the words, "Search Amazon.com video professor."

27. The first six products listed on this page are computer learning CD-ROMs sold under the name "Professor Teaches."

28. The "Professor Teaches" CD-ROMs are not products of VPI, but rather of a competitor that, by choosing the name "Professor Teaches," is hoping to trade off the name and good will associated with VPI.

29. Under these circumstances, it is highly likely that a user that googles the words "Video Professor" searching for products sold by VPI might click on the Amazon.com link hoping to find "Low prices" and to "Save at Amazon," as Amazon's ad proclaims, on Video Professor products.

30. It is equally likely that once directed to the Amazon webpage having the name Video Professor at the top of the page, the user would purchase the CD-ROMs offered under the name "Professor Teaches" believing VPI to be the source of the products.

**FIRST CLAIM FOR RELIEF**
**(False designation of origin and false representation (15 U.S.C. § 1125(a))**

31. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

32. Amazon's activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because they are likely to mislead the trade and public into believing that Amazon's products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by VPI, and because Amazon misrepresents the nature, characteristics, and qualities of VPI's goods and commercial activities in connection with the commercial advertising and promotion of his products.

33. Amazon's acts of false designation of origin, false representation, and false advertising have caused VPI to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

34. Amazon has engaged in and continues to engage in these activities knowingly, willfully maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

35. Amazon's acts of false designation of origin, false representation, and false advertising, unless enjoined by this Court, will continue to cause VPI to sustain irreparable damage, loss, and injury, for which VPI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Violation of Lanham Act – 15 U.S.C. § 1114(a))

36. VPI incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

37. Amazon's acts constitute trademark infringement and contributory infringement of the Trademarks. The Trademarks are registered and protected under the Trademark Act, incontestable, conclusively valid, famous, and presumed distinctive.

38. Amazon's use of the Trademarks is likely to cause confusion, mistake and deception as to the source, origin, sponsorship, approval, endorsement or affiliation of the domain name and Amazon's business. Amazon continues to engage in its wrongful conduct with knowledge that its conduct is intended to cause confusion, mistake, or deception.

39. As a direct and proximate result of Amazon's wrongful conduct, VPI, among other things, is deprived of value in its Trademarks as a commercial asset and is unable to benefit fully from the strength of the Trademarks that has resulted from VPI's extensive advertising, sales, success, goodwill, and consumer recognition.

40. Amazon's conduct is continuing and will continue unless restrained by the Court. Unless enjoined by this Court, Amazon's breach will continue to cause VPI irreparable damage, loss, and injury for which it has no adequate remedy at law. Amazon should be enjoined from infringing the Trademarks and specifically from compensating search engine operators for displaying Amazon's ads in response to Internet searches for the Trademarks.

41. VPI has suffered and is continuing to suffer economic losses directly and proximately caused by Amazon's actions. Accordingly, VPI is entitled to injunctive relief and damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
**(Violation of Colorado Consumer Protection Act)**

42. VPI incorporates by reference each and every allegation contained in this Complaint as if fully set forth herein.

43. The state of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

44. Amazon's conduct complained of herein is a deceptive trade practice, in that, *inter alia*, Amazon knowingly passes off goods of another as those of VPI, knowingly makes false representations as to the characteristics of VPI's goods; knowingly disparages the business and goods of VPI by false and misleading representations of fact; and knowingly fails to disclose material information concerning VPI's goods, which information was known to Amazon at the time of its advertisements, and was intended to induce consumers to enter into transactions with Amazon.

45. Amazon's conduct occurred in the course of its business, vocation or occupation.

46. The products offered by VPI and Amazon implicate the public interest.

47. The conduct alleged herein occurs and continues to occur in the course of the Amazon's business. The conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

48. Amazon has engaged and continues to engage in these activities knowingly, willfully, and deliberately.

49. VPI has been directly and proximately injured in its business and property by the Amazon's conduct complained of herein in violation of VPI's rights under C.R.S. § 6-1-105.

50. Amazon's violations of C.R.S. § 6-1-105 have caused VPI to sustain monetary damages, loss, and injury in an amount to be determined at the time of trial.

51. In addition, pursuant to C.R.S. § 6-1-113, VPI is entitled to treble damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

52. Unless enjoined by this Court, Amazon's violation of C.R.S. § 6-1-105 will continue to cause VPI to sustain irreparable damage, loss, and injury for which VPI has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
(**Unfair Competition**)

53. VPI realleges and incorporates by reference each of the preceding allegations of this Complaint as though fully set forth here.

54. The acts and conduct of Amazon as alleged above constitute unfair competition with VPI under Colorado and federal common law.

55. Amazon's acts and conduct as alleged above have damaged and will continue to damage VPI in an amount that is unknown at the present time.

## FIFTH CLAIM FOR RELIEF
(**Tortious Interference with Business Relationships**)

56. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

57. Upon information and belief, VPI has entered into and/or had a reasonable expectation that it would maintain or enter into contracts or business relationships with certain third parties who were existing VPI customers or who had communicated their interest in establishing prospective contractual relationship with VPI. VPI is aware that numerous of its existing and/or prospective customers have attempted to communicate with VPI or to obtain additional information about VPI and its products through VPI's Internet website.

58. Amazon was aware of these contracts and/or prospective business relations of VPI, and of the fact that prospective customers in the industry utilize the Internet as a means of

contacting or obtaining additional information concerning computer learning products such as those marketed and sold by VPI.

59. Amazon knowingly and willfully interfered in VPI's contracts and/or business expectancies by diverting customers from VPI's website through their acts of trademark infringement, unfair competition, deceptive trade practices and other unlawful conduct. As a result of the Amazon's conduct, customers were induced to breach or terminate contracts, business relationships or expectancies with VPI.

60. Amazon's conduct as complained of herein was knowing, willful, malicious and deliberate.

61. VPI has been damaged by the Amazon's conduct as complained of herein, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### (Common Law Trademark and Trade Name Infringement)

62. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

63. VIDEO PROFESSOR is a trademark and trade name belonging to VPI. VPI has used this mark continuously since at least 1987 and its use is prior to that of the Amazon's use of the VP Domain Names.

64. The Amazon's activities have caused and are likely to continue to cause confusion between the Amazon and/or its products and VPI and/or its products, and such unlawful activities infringe the valuable common law trademark and other rights of VPI in its VIDEO PROFESSOR marks. The Amazon actions, as alleged herein, misrepresent the nature characteristics or qualities of its goods or commercial activities.

65. The acts and conduct of the Amazon, as alleged herein, constitute the infringement of VPI's common law rights in its trademark and trade name, and an effort to misappropriate VPI's trademark and trade name.

66. Amazon's aforesaid acts have caused VPI to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

67. Amazon has engaged and continues to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

68. Amazon's aforesaid acts, unless enjoined by this Court, will continue to cause VPI to sustain irreparable damage, loss and injury, for which VPI has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
(Accounting)

69. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

70. VPI is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Amazon that are attributable to his acts of infringement.

71. VPI is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages, sustained by virtue of Amazon's acts of infringement.

72. The amount of money due from Amazon is unknown to VPI and cannot be ascertained without a detailed accounting by Amazon of the precise number of units of infringing material offered for distribution and distributed by Amazon.

# EIGHTH CLAIM FOR RELIEF
### (Imposition of a Constructive Trust upon Illegal Profits)

73. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

74. Amazon's conduct constitutes deceptive, fraudulent, and wrongful conduct. By virtue of Amazon's wrongful conduct, Amazon has illegally received money and profits that rightfully belong to VPI.

75. Upon information and belief, Amazon holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

76. Amazon holds the money and profits he has illegally received as constructive trustee for the benefit of VPI.

**WHEREFORE**, VPI prays for judgment against Amazon as follows:

A. That Amazon, its agents, servants, employees, and attorneys, and all other persons in active concert or participation with it who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from VPI, using in any fashion, including the purchase of VPI's Trademarks as adwords or keywords from Google, or any other search engine operator and the marketing or sale of Professor Teaches CD-ROMs, the VIDEO PROFESSOR trademark, any colorable imitations thereof, or any marks confusingly similar thereto;

B. That VPI be awarded damages in an amount to be determined at trial based on each of the claims set forth herein;

C. That VPI be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. § 1117(a) for the total profits received by Amazon from, and any damages sustained by VPI as a result of Amazon's actions;

D. That VPI be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Amazon's trademark infringement and false designations of origin, descriptions and representations, in an amount to be determined at trial;

E. That VPI be awarded treble damages and attorney's fees for Amazon's deceptive trade practices under C.R.S. § 6-1-113;

F. That Amazon be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Amazon's compliance with the requested injunctive and mandatory relief above;

G. That VPI be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a) and C.R.S. § 6-1-113;

H. That a constructive trust be imposed on the illegal profits generated as a result of Amazon's wrongful conduct;

I. That VPI be awarded pre-judgment and post-judgment interest and its costs of the litigation, and

J. That VPI be awarded such other relief as the Court may deem just and proper.

Respectfully submitted this 23rd day of March 2009.

>*s/ Gregory C. Smith*
>Gregory C. Smith
>Fairfield and Woods, P.C.
>1700 Lincoln Street, Suite 2400
>Denver, CO 80203
>Telephone: (303) 830-2400
>Facsimile: (303) 830-1033
>
>ATTORNEYS FOR PLAINTIFF

Plaintiff's address:
12055 West Second Place
Lakewood, Colorado 80228