IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00636-REB-KLM

VIDEO PROFESSOR, INC., a Colorado corporation,

　　Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

　　Defendant(s).
_____

**ORDER**
_____

This matter is before the Court on Plaintiff's oral **Motion for Additional Discovery** (the "Motion"). The Court held hearings relating to this Motion on December, 17, 2009, January 26, 2010 and February 23, 2010. The Court has reviewed the pleadings and Plaintiff's proposed Second Set of Discovery Requests, heard the arguments of counsel, and is fully advised in the premises. For the reasons set forth below, the Motion is **DENIED.**

**I. Background**

This is a trademark infringement case. The Complaint [Docket No. 1; Filed March 23, 2009] sets forth claims for "false designation of origin and false representation" pursuant to the Lanham Act, 15 U.S.C. § 1125(a), violation of § 1114(a) of the Lanham Act, violation of the Colorado Consumer Protection Act, common law unfair competition, tortious interference with business relationship, common law trademark and trade name infringement, an accounting, and imposition of a constructive trust upon illegal profits.

1

For purposes of the Motion, the chronology of events is as follows. The parties proposed a Scheduling Order which established a deadline for written discovery of September 1, 2009. The Court entered the Scheduling Order using that deadline. [Docket No. 15 at p.6; Filed July 2, 2009.] Defendant filed its Motion for Summary Judgment on October 27, 2009 [Docket Nos. 30, 31, 32]. The Court held a settlement conference on November 3, 2009, which was unsuccessful [Docket No. 34]. The Court held a discovery hearing on November 9, 2009, during which the parties jointly requested that the discovery deadline be extended to March 1, 2010 to complete certain depositions. The joint request was granted [Docket No. 36]. During the November discovery hearing, Plaintiff did not suggest its need to complete additional written discovery. Instead, Plaintiff filed its response to Defendant's Motion for Summary Judgment on November 19, 2009 [Docket No. 39] and its Cross-Motion for Summary Judgment on December 4, 2009 [Docket No. 45]. Both Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment seek entry of judgment on all claims pursuant to Fed.R.Civ.P. 56.

Plaintiff first sought permission to tender additional written discovery at a hearing held on December 17, 2009, more than three months after the written discovery deadline. Plaintiff's counsel made clear that the proposed additional discovery was not sought for the purpose of supplementing either Plaintiff's response to Defendant's summary judgment motion, or to enhance Plaintiff's cross-summary judgment motion. Plaintiff submitted that "good cause" existed to amend the Scheduling Order because, in retrospect, the short timeframe which had been agreed upon by the parties for written discovery was "not reasonable," as the case had become more complex since the filing of the proposed Scheduling Order. Essentially, Plaintiff's counsel asserted that Plaintiff did not understand

2

the internal search feature of Defendant's internet website until after the close of written discovery and after counsel's review of documents produced by Defendant and Defendant's Motion for Summary Judgment. Plaintiff's counsel conceded that certain information regarding the functioning of Defendant's internal search mechanism had been disclosed at the settlement conference held on November 3, 2009. Counsel offered no rational explanation for the delay in seeking additional discovery since that date. At the December 17, 2009 hearing, the Court denied Plaintiff's Motion without prejudice, because Plaintiff conceded that the discovery was not sought for purposes of supplementing summary judgment pleadings, and it appeared likely that given the parties' cross-motions for summary judgment, a ruling by the District Judge on those motions would resolve the case in its entirety. The Court set a status conference for January 26, 2010, for the purpose of discussing both the status of discovery and the case as a whole [Docket No. 46].

At the status conference on January 26, 2010, Plaintiff renewed its Motion for additional written discovery. The Court ordered the parties to meet and confer regarding Plaintiff's proposed second set of written discovery, which Plaintiff had not yet drafted [Docket No. 49]. The parties' subsequent efforts to confer were not successful in resolving the dispute. Hence, this matter was brought before the Court for a third time, on February 23, 2010.

At the February 23, 2010 hearing, Plaintiff asserted that the earliest date on which its second set of written discovery could have been propounded was November 4, 2009 (the day after the settlement conference), because that was the first time Plaintiff learned that Defendant uses a demand-based algorithm to determine the order in which products

3

appear on its website. Plaintiff again asserted that any delay between November 4, 2009 and December 17, 2009, when Plaintiff first asserted the need for additional written discovery, was not "undue." Finally, Plaintiff argued that its second set of written discovery also goes to its claim for "contributory infringement," which asserts that Defendant's sales of "confusingly similar" competing products violate the law.

Defendant argued that the Motion should be denied due to Plaintiff's undue delay. First, despite the fact that Plaintiff's initial request for additional written discovery was made in mid-December of 2009, Defendant stated that it took Plaintiff three weeks after the January 26, 2010 hearing to provide drafts of the discovery requests for Defendant's review. Defendant asserted that its sales of allegedly confusingly similar products is public information which would have been revealed to Plaintiff by an adequate investigation. Defendant argued that Plaintiff's failure to conduct an adequate investigation does not excuse its delay. Defendant also contended that Plaintiff is now attempting to make claims which are not within the four corners of the Complaint, and its attempts to gather information to support such potential claims should be rebuffed.

## II. Analysis

Pursuant to Fed.R.Civ.P. 16(b)(4), the discovery schedule "may be modified only for good cause." Fed.R.Civ.P. 26(b)(1) specifies that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Pursuant to Fed.R.Civ.P. 26(b)(2)(C), the Court "must limit the. . . extent of discovery" allowed by the rules "if the party seeking discovery has had ample opportunity to obtain the information by discovery

in the action."

**A.      Undue Delay**

This Court has repeatedly emphasized the difference between inability to meet scheduling deadlines despite a party's diligent efforts, and the inexcusable lack of such diligence. *See, e.g., Cessar v. Dep't. of Corrections,* No. 08-cv-00283-REB-KLM, 2009 WL 982151 at *3 (D. Colo. Apr. 13, 2009) ("Properly construed, good cause [to amend a scheduling order] means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for relief.")

In this case, several factors militate against finding good cause to amend the written discovery deadline in the Scheduling Order. First, the parties' original written discovery deadline was self-imposed. Although Plaintiff's counsel contends that "in retrospect," the case became more complex, this is an exaggeration. No additional claims or defenses have been added to the case since the filing of initial pleadings. The parties briefed summary judgment motions relating to *all* claims before the additional written discovery was proposed. Plaintiff has failed to rebut Defendant's contention that the alleged "new" information pertaining to its sales of "confusingly similar" products is public and therefore could have been discovered much earlier given adequate investigation. Even if Plaintiff is given the benefit of the doubt about the alleged new algorithm information learned at the settlement conference, counsel waited six weeks after that conference to bring the need

5

for additional written discovery to the attention of the Court, and delayed many more weeks in drafting the actual written discovery sought. At best, Plaintiff's showing of "good cause" boils down to its belated, half-hearted and/or not well-organized efforts to attempt to tie down certain information it feels it might need, but which it does not need for summary judgment. Such a showing falls short of establishing "good cause." Fed.R.Civ.P 16(b)(4); *Catholic Health Initiatives Co. v. Gross*, No. 06-01366-REB-BNB, 2007 WL 3232455, at *1 (D. Colo. Oct. 29, 2007).

**B.     Relevance**

Plaintiff's assertion that the additional written discovery seeks information which is relevant to a "contributory infringement" claim is equally unpersuasive. The Tenth Circuit has endorsed a definition of such a claim as follows: "'Contributory infringement occurs when the defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark.'" *Proctor & Gamble Co. v. Haugen,* 317 F.3d 1121, 1128 (10th Cir. 2003) (quoting *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 983 (9th Cir. 1999)). In *Haugen*, plaintiff argued that although its Complaint did not use the words "contributory infringement," the allegations were sufficient to state such a claim under the Lanham Act. The Court disagreed. Despite plaintiff's allegations that defendant was informed about false rumors pertaining to plaintiff's products, defendant allowed its distributors to repeat the false rumors, and defendant knew or should have known of its agents' conduct, the Court was "reluctant to adopt [plaintiff's] broad definition of notice pleading so as to include a claim for contributory infringement." *Id.*

Plaintiff's Complaint in this case makes no mention of a claim for "contributory

6

infringement." [Docket No. 1].  Nor does Plaintiff's Cross-Motion for Summary Judgment. [Docket No. 45].  Moreover, *Haugen* is strong precedent for not reading such a claim into the otherwise broad allegations of a complaint for trademark infringement.  Indeed, the Court notes that the decision in *Haugen* preceded the United States Supreme Court's decisions in *Twombly*[1] and *Iqbal*[2], which arguably raise the bar for stating all claims even higher by making clear that notice pleading requires something more than conclusory allegations without specific factual support for the elements of a given legal claim.  Accordingly, to the extent that Plaintiff asserts that the additional written discovery is relevant to a "contributory infringement" claim, the Court disagrees.

### III.  Conclusion

Plaintiff has failed to demonstrate good cause for amendment of the deadline for written discovery in the Scheduling Order.  Plaintiff's efforts to pursue such discovery were less than diligent, and Plaintiff has not convincingly established that such additional discovery is relevant to the claims as stated in the Complaint.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  March 8, 2010

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2006): On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (citations and capital letters omitted).  *Id.* at 555.

[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009): "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Legal conclusions must be supported by well-pleaded factual allegations which plausibly give rise to an entitlement to relief.  *Id.* at 1949.

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge