**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00636-REB-KLM

VIDEO PROFESSOR, INC., a Colorado corporation,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant's Motion for Summary Judgment and Memorandum in Support Thereof (Oral Argument Requested)** [#30 - redacted version] [#32 - docket entry for motion filed under seal][1] filed October 27, 2009; and (2) **Plaintiff's Cross-Motion for Summary Judgment and Memorandum of law in Support Thereof** [#45] filed December 4, 2009. Both motions engendered responses [#39 & #47] and replies [#44 & #48]. I grant the defendant's motion and deny the plaintiff's motion.[2]

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the cross-motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the cross-motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have jurisdiction over this case under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326

(10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  FACTS

The defendant, Amazon.com, is an internet retailer.  Amazon sells products on its website and permits third parties to sell their products on its website. The plaintiff, Video Professor, Inc. (VPI), markets and sells computer learning products, including CDs.  "Video Professor" is a registered trademark that VPI has used continuously since 1987.  From December 12, 2003, until September 19, 2008, VPI sold its products to Amazon under the terms of Amazon's Vendor Manual.  *Amazon's motion for summary judgment* [#30], Exhibit A-6 (Vendor Manual).  VPI agreed to the terms of the Vendor Manual before Amazon began to sell VPI's products.  The parties agree that the Vendor Manual constitutes an agreement between VPI and Amazon.  VPI terminated the Vendor Manual, and, thus, the agreement on September 19, 2008.

From December, 2003, through April, 2009, Amazon placed bids with Google, a popular internet search engine, for the keywords "video professor."  During the time when Amazon's bids with Google were placed, if a person typed the words "video professor" into the Google search engine's search box, and if Amazon had won its bid for the search term "video professor," then an amazon advertisement would appear on the Google search results page.  The advertisement would appear as a sponsored link on the Google search results page.  If a Google user clicked on the Amazon sponsored link, then the user was taken to a page at Amazon's website.  The parties refer to the

3

Amazon page to which such a user was directed as a landing page.

Amazon also sells products that compete directly with VPI's products, including products marketed under the name Professor Teaches. VPI contends that, on some occasions, Amazon manipulated the results on the Amazon landing page so that competing Professor Teaches products appeared above and before VPI's Video Professor products in response to a search for "video professor."[3] VPI relies, in part, on the search results displayed on the Amazon landing page to substantiate its trademark infringement claims and other claims.

The Vendor Manual, which contains the terms of an agreement between VPI and Amazon, includes the following language: "Vendor [VPI] hereby grants to Amazon.com a non-exclusive, worldwide, perpetual, and royalty-free license to . . . (c) use all trademarks and trade names included in the Product Information." *Amazon's motion for summary judgment* [#30] filed October 27, 2009, Declaration of Marc Levy, Exhibit A-6 (Vendor Manual), Section III, ¶ 4. The Vendor Manual provides also that the "provisions of these Resale Terms and Conditions will survive the termination of any or all of this Vendor Manual." *Id.*, Section III, ¶ 19. Section III of the Vendor Manual is titled "RESALE TERMS AND CONDITIONS." *Id.*, Section III (capitalization in original). The Vendor Manual provides that it will be interpreted and enforced under the law of the State of Washington. *Id.*, Section III, ¶ 17.

In its complaint [#1], VPI asserts eight claims for relief: (1) false designation of

---

[3] VPI cites to an image of a purported Amazon landing page as evidence of its contention that Amazon manipulated the landing page to cause Professor Teaches products to appear above and before VPI's products. *VPI's response* [#39] filed November 19, 2009, Exhibit 2. However, with regard to Exhibit 2, VPI has not submitted evidence that is sufficient to satisfy the authentication requirement of Fed. R. Evid. 901. Even if I assume that this exhibit has been authenticated properly, Amazon is entitled to summary judgment.

4

origin and false representation under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114(a); (3) violation of the Colorado Consumer Protection Act; (4) unfair competition; (5) tortious interference with business relationships; (6) common law trademark and trade name infringement; (7) accounting; and (8) constructive trust on illegal profits.

## IV. TRADEMARK CLAIMS

VPI's trademark claims, its first, second, and sixth claims for relief, as well as VPI's unfair competition claim, its fourth claim for relief, can be analyzed concurrently. The parties agree that, to prevail on these claims, VPI must show that (1) Amazon used VPI's mark in commerce and without authorization; (2) Amazon's use was likely to cause confusion in the marketplace; and (3) VPI was injured as a result.  Amazon argues that VPI cannot show, *inter alia*, that Amazon's use of the phrase "video professor" as a keyword to generate sponsored links on Google was an unauthorized use of the term "video professor."  Amazon relies on the language in the Vendor Manual, which provides that VPI granted to Amazon a "worldwide, perpetual, and royalty-free license to" use the relevant VPI trademarks, including "video professor." Amazon notes also that, under the terms of the Vendor Manual, the license "survive(d) the termination of any or all of this Vendor Manual."  *Vendor manual*, Section III, ¶¶ 4, 19.

VPI argues that VPI and Amazon entered into the Vendor Manual "solely to allow Amazon to purchase VPI's products directly from VPI and resell them on [Amazon's] Web site."  *Response* [#39], p. 6.  In this context, VPI argues, the license provisions of the Vendor Manual should be read as limited to Amazon's use of VPI's marks to permit Amazon to advertise and sell VPI's products.  *Id*.  VPI argues that if a license is silent on

5

a particular use, then the license does not mean that a licensee, here Amazon, can use the mark in a confusing manner that would be in infringement of the mark. *Id.*

Under Washington law, the words in a contract will be given their ordinary meaning. ***Cambridge Townhomes, LLC v. Pacific Star Roofing, Inc.***, 209 P.3d 863, 871 (Wash. 2009). A court will not adopt an interpretation of contract terms that renders a term ineffective or meaningless. *Id*. If contract terms are clear and unambiguous, a court must enforce the contract as written. ***Black v. National Merit Ins. Co.***, 226 P.3d 175, 183 (Wash. App. 2010). The plain and unambiguous language of the trademark license provision of the Vendor Manual does not include the limitation proposed by VPI. Specifically, nothing in the plain language of the trademark license provision prohibits Amazon from using VPI's trademark, "video professor," to promote VPI's products along with other competing products, as VPI contends Amazon did on the Amazon landing page.

VPI argues also that, when the Vendor Manual is construed as a whole, it is clear that the intent of the parties was that the trademark license is limited to Amazon's sale of VPI products on behalf of VPI, and the license "would expire when Amazon's stock of VPI's products expired following termination" of the Vendor Manual. *Response* [#39], p. 7. This proposed interpretation of the Vendor Manual is contrary to the word "perpetual," as used in the trademark license, and is contrary to the term that provides that the "Resale Terms and Conditions will survive the termination of any or all of this Vendor Manual." *Vendor manual*, Section III, ¶¶ 4, 19. Applying the plain meaning of the words in the Vendor Manual, I reject VPI's proposed interpretation.

VPI contends that the covenant of good faith and fair dealing, which is implied in every contract, precludes Amazon from "claiming that VPI has authorized Amazon's

intentional infringement of VPI's trademarks." *Response* [#39], p. 7.  Under Washington law, an implied covenant of good faith and fair dealing will be read into a contract when the contract gives one party discretionary authority to determine a contract term.  ***Myers v. State***, 218 P.3d 241, 244 (Wash. App. 2009).  But the covenant of good faith and fair dealing does not trump the unambiguous terms of a contract.  *Id*.  The purpose of a trademark license is to authorize the licensee to use the mark in a manner that otherwise might be an infringement.  VPI licensed Amazon to use VPI's marks.  It may be that, absent a license, Amazon's use of VPI's marks would be an intentional infringement of the mark.  However, the broad and unambiguous terms of the license provision in the Vendor Agreement authorize Amazon intentionally to use VPI's mark.  The covenant of good faith and fair dealing does not prohibit Amazon from using VPI's marks in the manner at issue in this case because that use is authorized explicitly in the Vendor Manual.

VPI argues that Amazon's reading of the Vendor Manual would make the terms of the manual unconscionable, and void as against public policy.  This is so, VPI contends, because Amazon's use of VPI's marks tends to cause consumer confusion.  Washington courts distinguish between procedural unconscionability and substantive unconscionability.  ***Torgerson v. One Lincoln Tower, LLC***, 210 P.3d 318, 322 - 323 (Wash. 2009).  Although VPI does not specify which type of unconscionability it is asserting, VPI appears to assert substantive unconscionability.  Substantive unconscionability is present when a contract term is so one-sided or overly harsh that the term is shocking to the conscience, monstrously harsh, and exceedingly calloused.  *Id*. at 323.  The terms at issue here do not even begin to approach this threshold.  Similarly, VPI has not demonstrated how a trademark holder's authorization for another

7

party to use the mark under certain terms violates public policy to such a degree that such an authorization is void. As Amazon notes, if a trademark license is read to violate public policy, then the entire regime of trademark licensing becomes legally suspect.

VPI contends that summary judgment is not proper because there are genuine issues of material fact concerning the intent of the parties, the scope of the license in the Vendor Agreement, and Amazon's actions. I disagree. The plain language of the Vendor agreement reflects the intent of the parties and defines the scope of the license. If contract terms are clear and unambiguous, as they are here, then I must enforce the contract as written. **Black v. National Merit Ins. Co.**, 226 P.3d 175, 183 (Wash. App. 2010). The scope of the license in the Vendor Manual is plain and unambiguous, and Amazon's use of the mark "video professor" was within the scope of the license. If Amazon's use of the mark "video professor" was authorized, then VPI's first, second, fourth, and sixth claims for relief cannot succeed. Viewing the facts in the record in the light most favorable to VPI, Amazon is entitled to summary judgment on VPI's first, second, fourth, and sixth claims for relief.

### V. COLORADO CONSUMER PROTECTION ACT

To establish its third claim for relief, a claim under the Colorado Consumer Protection Act (CCPA), §§6-1-101 to 6-1-115, C.R.S., VPI must show that (1) Amazon engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of Amazon's business; (3) the practice significantly impacts the public as actual or potential consumers of Amazon's goods, services, or property; (4) VPI suffered injury in fact to a legally protected interest; and (5) the challenged practice caused VPI's injury. **Rhino Linings United States v. Rocky Mt. Rhino Lining**, 62 P.3d 142, 146 - 47 (Colo. 2003).

Viewing the evidence in the record in the light most favorable to VPI, no reasonable fact finder could find for VPI on its CCPA claim. This is true primarily because Amazon's use of "video professor" as a sponsored link on Google and its alleged portrayal of Video Professor products along with competing products on Amazon's landing page both are authorized under the terms of the trademark license in the Vendor Manual. In this context, Amazon's actions cannot be seen as unfair or deceptive within the meaning of the CCPA. Thus, Amazon is entitled to summary judgment on VPI's third claim for relief.

## VI.  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

To establish its tortious interference with business relationship claim, its fifth claim for relief, VPI must show that (1) it had a business relationship or reasonable expectancy; (2) Amazon knew or should have known of the relationship or expectancy; (3) Amazon acted intentionally to either discontinue the relationship or prevent the expectancy; (4) Amazon's conduct was improper; (5) Amazon's conduct caused the loss of the relationship or expectancy; and (6) Amazon's conduct proximately caused VPI's damages.

Viewing the evidence in the record in the light most favorable to VPI, no reasonable fact finder could find for VPI on its tortious interference with business relationship claim. This is true primarily because Amazon's use of "video professor" as a sponsored link on Google and Amazon's alleged portrayal of Video Professor products along with competing products on Amazon's landing page both are authorized under the terms of the trademark license in the Vendor Manual. In this context, Amazon's actions cannot be seen as improper. Accordingly, Amazon is entitled to summary judgment on VPI's fifth claim for relief.

## VII. SEVENTH & EIGHTH CLAIMS

VPI's seventh and eighth claims for relief are claims for an accounting and for a constructive trust on Amazon's allegedly illegal profits. These claims are potentially valid only if VPI is able to establish one or more of its other six claims for relief. I have concluded that Amazon is entitled to summary judgment on VPI's first six claims for relief. Therefore, there is no basis for VPI's seventh and eighth claims for relief, and Amazon is entitled to summary judgment on these claims.

## VIII. VPI'S MOTION FOR SUMMARY JUDGMENT

Addressing the same facts and legal issues, VPI argues in its motion for summary judgment [#45] that it is entitled to summary judgment on each of its claims. I disagree. Again, the terms of the Vendor Manual include a license for Amazon to use VPI's trademarks, including "video professor." Viewing the undisputed facts in the record in the light most favorable to Amazon, and for the reasons outlined in this order, I conclude that VPI is not entitled to summary judgment on any of its claims.

## IX. CONCLUSION

The terms of the Vendor Manual include a license for Amazon to use VPI's marks, including "video professor." Amazon's use of "video professor" as a sponsored link on Google and Amazon's alleged portrayal of Video Professor products along with competing products on Amazon's landing page both are authorized under the terms of the trademark license in the Vendor Manual. Viewing the facts in the record in the light most favorable to VPI, there are no genuine issues of material fact concerning the terms and scope of the trademark license in the Vendor Manual. Under those terms, Amazon's actions which VPI claims infringe VPI's trademark are within the scope of the license and are authorized. Because Amazon's use of VPI's mark "video professor," as

alleged in the complaint, is authorized, then each of VPI's claims for relief must fail.  I conclude ultimately that Amazon is entitled to summary judgment on each of VPI's eight claims for relief.

### X. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Summary Judgment and Memorandum in Support Thereof (Oral Argument Requested)** [#30 - redacted version] [#32 - docket entry for motion filed under seal] filed October 27, 2009, is **GRANTED**;

2. That the **Plaintiff's Cross-Motion for Summary Judgment and Memorandum of law in Support Thereof** [#45] filed December 4, 2009, is **DENIED**;

3. That the motions docketed under docket numbers [#41], [#59], [#62], [#71], and all other pending motions, are **DENIED** as moot;

4. That the Trial Preparation Conference currently set for April 23, 2010, at 10:00 a.m., and the trial currently set to begin on April 26, 2010, at 8:30 a.m., are **VACATED**;

5. That **JUDGMENT SHALL ENTER** in favor of the defendant, Amazon.com, Inc., a Delaware corporation, and against the plaintiff, Video Professor, Inc., a Colorado corporation;

6. That the defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is **CLOSED**.

Dated April 21, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge